UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TRENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 13 C 479 |
| BOARD OF EDUCATION OF ) | |
| THE CITY OF CHICAGO, and ) | |
| SUSAN M. O'KEEFE, individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendants' Board of Education of the City of Chicago ("Board") and Susan O'Keefe ("O'Keefe") (collectively "Defendants") motion to dismiss Counts I, III and IV of Plaintiff Mark Trent's ("Trent") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Mark Trent[1] ("Trent"), a 54-year old man, was hired by the Board in April 2001 as an Assistant General Counsel in the Board's Department of Law. In 2008 Trent was promoted to Senior Assistant General Counsel. Throughout Trent's

---

[1] For the purposes of this motion only, we accept as true the well-pleaded allegations of Trent's complaint.

tenure with the Board his job performance exceeded his employer's job expectations and he consistently achieved excellent appraisals on his job evaluations.

From 2002 until May 2011, O'Keefe was Trent's immediate supervisor. During this period O'Keefe withheld material job related information from Trent and made false and misleading reports regarding his performance. These discriminatory actions were undertaken because of Trent's age and gender. O'Keefe treated other employees who were younger and/ or female more favorably than Trent. O'Keefe undertook her efforts with the intent to induce the termination of Trent's employment. On May 25, 2011 the Board terminated Trent from his employment. Trent's termination was a result of his age and gender.

Trent filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") on November 16, 2011. A charge of discrimination was also filed with the Equal Employment Opportunity Commission ("EEOC") pursuant to the work sharing agreement between the IDHR and the EEOC. On October 19, 2012, the EEOC issued a Notice of Right to Sue letter. On January 22, 2013 Trent filed his complaint pro se. Trent's complaint alleges: 1) age discrimination in violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*; 2) sex discrimination in violation of Title VII, 28 U.S.C. § 2000(e) *et seq.*; 3) age discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment brought pursuant to 42 U.S.C. § 1983 ("§ 1983"); and 4) sex

discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment brought pursuant to § 1983. Trent has met all procedural prerequisites to bring the present suit.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a motion to dismiss, the court accepts as true all the factual allegations pled in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Id*. Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original). However, a pleading need only convey enough information to allow the defendant to understand the gravamen of the complaint. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999).

**DISCUSSION**

Trent's complaint refers to the Defendants, collectively, in each count as being the perpetrators of the alleged discriminatory activity. By framing his complaint in this manner, Trent includes both the Board and O'Keefe as Defendants in all four counts of his complaint. However, in Trent's response to the Defendant's motion, Trent seeks to clarify his complaint by asserting that the Board is the only proper defendant in Counts I and II, to the exclusion of O'Keefe. Trent goes on to specify that O'Keefe is the only proper defendant in Counts III and IV, to the exclusion of the Board. The Board argues that Trent's concessions concerning the placement of the proper Defendant in each count do not remedy his overall inadequately pleaded complaint and moves the Court to dismiss Counts I, III and IV in their entirety.

**I. ADEA and Title VII Claims (Counts I and II)**

As an initial matter, Trent concedes that O'Keefe is an improper Defendant for his ADEA (Count I) and Title VII (Count II) claims. *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n. 2 (7th Cir. 1995) (determining that there is no individual liability under the ADEA); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that a supervisor, in their individual capacity did not fall within Title VII's definition of an employer). The Court agrees with Trent's concession and dismisses O'Keefe from Counts I and II. Trent proceeds with his ADEA claim solely against the Board in Count I. Trent contends that on May 25, 2011 the Board subjected him to discrimination based on his age.

The Board asserts that the dismissal of Trent's complaint is warranted because Trent has failed to sufficiently lay forth the necessary facts to establish an ADEA claim for age discrimination. Both parties assert that the indirect method is most appropriate to determine Trent's ADEA claim. To establish a prima facie case of age discrimination using the indirect method, Trent must make allegations that plausibly suggest that: 1) he belongs to a protected class; 2) he performed his job satisfactorily; 3) he suffered an adverse employment action; and 4) his employer treated similarly situated employees under the age of 40 more favorably. *Martino v. MCI Communications Services, Inc.*, 574 F.3d 447, 453 (7th Cir. 2009).

The Board contends that Trent has failed to plead that the Board, as an entity, was responsible for Trent's termination, which has been pleaded as an adverse employment action. The Board relies on Trent's assertion that O'Keefe, not the Board, made false and misleading reports regarding his performance reviews which led to Trent's termination. Although Trent's complaint inartfully refers to the Defendants collectively, as opposed to specifying the individual actions of the Board, Trent does allege that the Board intentionally discriminated against him due to his age. For the purposes of determining the sufficiency of Trent's pleadings, his allegations concerning the Board's conduct are sufficient to establish a prima facie ADEA claim and put the Board on notice of the claims against them. Accordingly, the Court denies the Board's motion to dismiss Trent's ADEA claim in Count II. The

Court grants O'Keefe's motion to dismiss concerning Counts I and II insofar as O'Keefe is sued in her individual capacity.

**II. Individual Capacity Claims under § 1983 (Counts III and IV)**

Trent alleges that the Defendants violated the Equal Protection Clause of the Fourteenth Amendment by discriminating against him based on his age (Count III) and his sex (Count IV). Both Counts allege constitutional deprivation claims brought pursuant to § 1983. In Trent's responses to the Defendants' motion, he clarifies that his claims in Counts III and IV are directed toward O'Keefe in her individual capacity for her violations of his constitutional rights taken under color of law. The Court agrees that Trent has not alleged that the Board can be held liable under § 1983 and therefore the Board is dismissed from Counts III and IV. *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009) (determining that a plaintiff must provide evidence to show that the constitutional violation resulted from a municipal policy, custom, or practice).

O'Keefe contends that Trent has failed to sufficiently plead that she directed the constitutional deprivation to be held individually liable for a § 1983 violation. "Individual liability under § 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Kelly v. Mun. Cts. of Marion County*, 97 F.3d 902, 909 (7th Cir. 1996). Therefore, "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional violation to support a viable claim." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Trent alleges that O'Keefe personally discriminated against him when she deliberately withheld information related to his employment duties and additionally made false and misleading reports concerning his performance. The basis for O'Keefe's actions was Trent's age and sex. O'Keefe's behavior was intended to induce the termination of Trent's employment. Even though Trent's employment was ultimately terminated by the Board's General Counsel, Trent has pleaded that O'Keefe's actions formed the basis on which the Board's General Counsel based their decision. Accordingly, the Court denies O'Keefe's motion to dismiss Trent's § 1983 claims contained in Counts III and IV. The Court grants the Board's motion to dismiss concerning Counts III and IV.

## CONCLUSION

For the aforementioned reasons, the Board's motion to dismiss is denied concerning Counts I and II. The Board is dismissed from Counts III and IV. O'Keefe's motion to dismiss is denied concerning Counts III and IV. O'Keefe is dismissed from Counts I and II.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: June 10, 2013